**JIAN CHIU YE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

No. 07–1575–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

David X. Feng, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Mark C. Walters, Assistant Director, Karen Y. Stewart, Trial Attorney, Thomas B. Fatouros, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jian Chiu Ye, a native and citizen of China, seeks review of a March 20, 2007 order of the BIA affirming the March 6, 2001 decision of Immigration Judge ("IJ") Sandy Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chiu Ye,* No. A77 866 466 (B.I.A. Mar. 20, 2007), *aff'g* No. A77 866 466 (Immig. Ct. N.Y. City Mar. 6, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA.[2] *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir.2008).

The agency properly found that Ye failed to meet her burden of proving either past persecution or a well-founded fear of persecution as required for a grant of asylum. Ye alleged that she was expelled from school when she was seventeen because she refused to submit to an IUD insertion and urged her classmates to do the same. She argues that her expulsion will have "lifelong economic consequence" and therefore constituted economic perse-

2. While the denial of relief in asylum-only proceedings, such as those at issue here, does not result in a final order of a removal, *see* 8 C.F.R. § 1208.2(c)(3)(i), it is the "functional equivalent" of a removal order; jurisdiction therefore exists under 8 U.S.C. § 1252(a)(1). *Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir. 2006).

cution. To prevail on her economic persecution claim, Ye needed to establish that she suffered the "deliberate imposition of [a] substantial economic disadvantage" that was sufficiently severe to "constitute a threat to [her] life or freedom." *Matter of T–Z–*, 24 I. & N. Dec. 163, 173 (B.I.A. 2007). However, Ye presented no evidence or testimony establishing the nature and extent of any economic disadvantage she suffered or expects to suffer as a result of her expulsion from school. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (finding that petitioner had not established economic persecution where he failed to present testimony or other evidence that would enable the Court to evaluate his personal financial circumstances). In the absence of such evidence, the agency did not err in finding that Ye failed to establish that the expulsion amounted to economic persecution. *See id.*

Furthermore, the agency properly found that Ye's fear of future persecution was not well-founded. The fear of forced abortion or sterilization is speculative and without record support because Ye was unmarried and childless at the time of her application. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Likewise speculative is her fear of a government "blacklist" as a result of her resistance to China's family-planning policy, because the record revealed no basis for concluding that the Chinese government would still be interested in taking action undergo an IUD insertion. *See id.* Accordingly, the agency did not err in denying Ye's asylum claim on the grounds that she failed to meet her burden of proof.

Because Ye failed to meet her burden of proof with respect to her asylum claim, she necessarily failed to meet the higher bur-

den of proof required to prevail on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). In addition, Ye has waived any 10 challenge she might have raised to the denial of her CAT 11 claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 12 n. 5, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).